UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FELIPE B.D. (A-Number: 017-357-383)

Petitioner,

v.

U.S. ATTORNEY GENERAL, et al.,

Respondents.

No. 1:26-cv-05510-KES-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE

Docs. 1, 10

Petitioner Felipe B.D. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 10. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within ten (10) days after service. On August 22, 2026, respondents timely filed objections. Doc. 11.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis, with the clarifications below.

Respondents note that "when DHS cannot remove an alien to the country specified in the removal order, the removal order does not limit the authority of DHS to remove the noncitizen to any other country permitted by 8 U.S.C. 1231(b)." Doc. 11 at 1–2. But even for a third country removal, the government must still meet its burden. It has been more than a year since petitioner was taken back into ICE custody, eight months since ICE tried to remove petitioner to Cuba, and seven months since ICE identified Mexico as a third country for petitioner's removal. *See* Doc. 9-1 at ¶¶ 10–12. After a six-month period of detention following a final removal order, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

According to respondents, "Mexico accepts Cuban nationals if the return is voluntary. Petitioner refused removal to Mexico." Doc. 9-1 at ¶ 12. While a noncitizen may not meet his burden if he refuses "to cooperate fully and honestly with officials to secure travel documents from a foreign government," *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003), numerous district courts have held that when a "petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may [not] be detained indefinitely." *Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026); *see, e.g.*, *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026) ("Because there is not a likelihood that either Cuba or Mexico will accept Petitioner in the reasonably foreseeable future, his detention is no longer permitted by the INA as construed in *Zadvydas*."); *Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[E]vidence of Mexico's acceptance policy casts further doubt on the Government's ability to remove [petitioner] to Mexico in the reasonably foreseeable future[.]"); *Castillo Rivas v. Bondi*, No. C26-0134-KKE,

2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) ("Mexico will not accept [non-Mexican nationals] against their will. Accordingly, the Court finds that the Government has not met its burden[.]"). As respondents have not provided any other evidence to the contrary, the government has failed to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

The Court ORDERS:

1. The findings and recommendations, Doc. 10, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to release petitioner Felipe B.D. (A-Number: 017-357-383) immediately under the conditions of his most recent order of supervision. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.
4. Respondents are ENJOINED AND RESTRAINED from removing petitioner to any third country without first providing him with constitutionally compliant procedures, including:
    a. Written notice to petitioner and counsel of the third country to which he may be removed, in a language that petitioner can understand, provided at least 21 days before any such removal;
    b. A meaningful opportunity for petitioner to raise a fear of return for eligibility for protection under the Convention Against Torture, including a reasonable fear interview before a DHS officer;
    c. If petitioner demonstrates a reasonable fear during the interview, DHS must move to reopen his underlying removal proceedings so that he may

apply for relief under the Convention Against Torture; and

d. If it is found that petitioner does not demonstrate a reasonable fear during the interview, a meaningful opportunity, and a minimum of 15 days, for petitioner to seek to move to reopen his underlying removal proceedings to challenge potential third-country removal.

5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

6. The Clerk of Court is directed to close this case and enter judgment for petitioner.

7. The Clerk is directed to terminate any remaining motions as moot.

8. The Clerk is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: August 27, 2026

UNITED STATES DISTRICT JUDGE